**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26107-CIV-MARTINEZ**

ERICKSON DE JESUS TRUJILLO SUAREZ,

Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.*,

Respondents.
______________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner Erickson de Jesus Trujillo Suarez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1]. Petitioner challenges his immigration detention without having been afforded an individualized bond determination. (*See generally* Pet.). In accordance with 28 U.S.C § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (September 8, 2026 Order [ECF No. 3]). Respondents filed their Response on September 11, 2026 ("Response") [ECF No. 5], and Petitioner filed a Reply ("Reply") [ECF No. 7]. The Court has considered the briefing, the record, and applicable law, and is otherwise fully advised. For the following reasons, the Petition is **GRANTED in part**.

Petitioner is a native of Venezuela who first arrived in the United States around May of 2021. (*See* Pet. ¶ 47). On May 8, 2021, Customs and Border Patrol ("CBP") issued a Notice and Order of Expedited Removal and referred Petitioner to United States Citizenship and Immigration Services ("USCIS") for a credible fear determination. (*See* Resp. 2; *see also* Notice and Order of Expedited Removal [ECF No. 6-2]). On June 8, 2021, USCIS determined that the Petitioner had not established a credible fear of return. (Resp. 2). On June 14, 2021, Petitioner was released from

custody on an Order of Recognizance. (*Id.*).

On October 4, 2024, USCIS granted Petitioner Temporary Protected Status. (Pet. ¶ 53). Petitioner has resided in the United States for more than five years and has no criminal history. (*See* Pet. ¶ 55). On August 17, 2026 Petitioner presented himself for a reporting appointment with Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") and was taken into custody. (*Id.* ¶ 56). On August 27, 2026, ICE ERO served Petitioner with the decision from his credible fear interview and Petitioner requested for an immigration judge to review the decision. (*See* [ECF No 6-5]).

On September 2, 2026, an Immigration Judge reviewed USCIS's findings that the Petitioner had not showed a credible fear and entered an order vacating the USCIS decision. (*See* September 2, 2026 Order of the Immigration Judge [ECF No. 6-6]). On the same day, a Notice to Appear ("NTA") was served on Petitioner, charging Petitioner with inadmissibility under INA § 212(a)(7)(A)(i)(I). (*See* NTA [ECF No. 6-7]). This NTA provides that the Order placing Petitioner under expedited removal was vacated. (*See id.*).

Petitioner asks the Court to order Respondents to provide him with an individualized bond hearing before an Immigration Judge, or in the alternative, release him from custody. (Pet. 34–35). Respondents argue that Petitioner is not eligible for a bond hearing because "his detention arises from DHS's decision to pursue expedited removal under the authority provided in § 1225(b)(1)[.]" (Resp. 3). However, Respondents' own pleadings demonstrate that Petitioner's Order of Expedited Removal was vacated and a new Notice to Appear was issued on September 2, 2026, charging Petitioner as inadmissible under INA § 212(a)(7)(A)(i)(I). (*See* NTA [ECF No. 6-7]).

The Eleventh Circuit was clear that "[t]he text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens

seeking lawful entry to the country, and not to aliens who are simply present here." *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, 175 F.4th 1258, 1262 (11th Cir. 2026). The Eleventh Circuit further explains "[t]he INA's text confirms that the two relevant sections on detention govern distinct classes of aliens: § 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Id.* at 1276.

While Respondents are correct that Petitioner was initially subject to an Order of Expedited Removal ([ECF No. 6-2]), that Order was then vacated by the Immigration Court and Petitioner was issued a new Notice to Appear. ([ECF No. 6-7]). Petitioner has been continuously present in the United States for more than five years and was apprehended by ICE and then detained while he was at the interior of the United States—not at a border or port. (Pet. ¶ 2). Further, the NTA issued to Petitioner on September 2, 2026, classifies Petitioner as an "alien present in the United States who has not been admitted or paroled." (*Id.*). For these reasons, § 1226(a), not § 1225(b), governs his detention. *See Hernandez Alvarez*, 175 F.4th at 1262; *see also Perez-Toc v. Warden, Krome N. Serv. Processing Ctr.*, No. 26-CV-25844-JB, 2026 WL 2619946 (S.D. Fla. Sept. 4, 2026). And as the Supreme Court has made clear: "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Accordingly, it is ORDERED and ADJUDGED as follows:

1. The Petition [ECF No. 1] is **GRANTED in part.**

2. Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **September 29, 2026**.

3. On or before **October 2, 2026**, Respondent shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition.

4. The Clerk of Court is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending compliance with this Order and until further Order of the Court.

5. The Court retains jurisdiction to address matters that may arise with respect to the Petition or this Order.

**DONE AND ORDERED** in Miami, Florida, this 22 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*